**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Joe Carrington, Jr., Appellant,

v.

Amanda Piegari, Respondent.

Appellate Case No. 2014-000998

———————

Appeal From Sumter County
Angela R. Taylor, Family Court Judge

———————

Unpublished Opinion No. 2015-UP-416
Submitted May 1, 2015 – Filed August 12, 2015

———————

**AFFIRMED**

———————

John Stephen Keffer, of Young, Keffer & Donnald, PA, of Sumter, for Appellant.

William James LaLima, of LaLima Law Firm, of West Columbia, for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 63-15-330(A) (2010) ("[A] court of this State has jurisdiction to make an initial child custody determination only if: (1) this State is the home state of the child on the date of the commencement of the proceeding, or

was the home state of the child within six months before the commencement of the proceeding and the child is absent from this State, but a parent or person acting as a parent continues to live in this State; (2) a court of another state does not have jurisdiction under item (1), or a court of the home state of the child has declined to exercise jurisdiction . . . ; (3) all courts, having jurisdiction under item (1) or (2), have declined to exercise jurisdiction . . . ; or (4) no court of any other state would have jurisdiction under the criteria specified in item (1), (2), or (3)."); S.C. Code Ann. § 63-15-302(8) (2010) ("'Initial determination' means the first child custody determination concerning a particular child."); S.C. Code Ann. § 63-15-302(7) (2010) ("'Home state' means the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding."); S.C. Code Ann. § 63-15-302(5) (2010) ("'Commencement' means the filing of the first pleading in a proceeding.");  S.C. Code Ann. § 63-15-336(A) (2010) ("A court of this State has temporary emergency jurisdiction if the child is present in this State and the child has been abandoned or it is necessary in an emergency to protect the child because the child . . . is subjected to or threatened with mistreatment or abuse."); S.C. Code Ann. § 63-15-302(1) (2010) ("'Abandoned' means left without provision for reasonable and necessary care or supervision.").

**AFFIRMED.**[1]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.